UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Shawn M. Jamison,                                      Civ. No. 11-2136 (PAM/DTS)

                    Plaintiff,

v.                                                     **MEMORANDUM AND ORDER**

Cal R. Ludeman, Dennis Benson, Laurie
Severson, Kevin Moser, Terry Keisel,
Scott Benoit, Blake Carey, Tom
Lundquist, Elizabeth Barbo, Ann
Zimmerman, Sara Kulas, Brian
Ninnerman, Dr. Melissa Hagen, Tara
Osbourne, Katherine Klanchard, Jessica
Tisbisera, Joe Mullens, and Donna
Cronin, each in their individual capacity
and their official capacity as employee of
the Department of Human Services and
the Minnesota Sex Offender Treatment
Program,

                    Defendants.

This matter is before the Court on Defendants' Motion to Dismiss and Plaintiff's

Motion to Consolidate.  For the following reasons, the Motion to Dismiss is granted and

the Motion to Consolidate is denied as moot.

**BACKGROUND**

Plaintiff Shawn M. Jamison is involuntarily committed to the Minnesota Sex

Offender Treatment Program ("MSOP").  More than a decade ago, a group individuals

committed to MSOP brought a class-action lawsuit, alleging constitutional violations

arising out of the conditions of their civil detention.  <u>Karsjens v. Minn. Dep't of Hum.</u>

Servs., No. 11-cv-3659 (DWF/TNL).  Jamison does not dispute that he was a member of the Karsjens class.

The Court stayed Jamison's case pending the outcome in Karsjens.  (Docket No. 23.)  After final judgment was entered in Karsjens in February 2022, the stay in this matter was lifted and all previously pending motions, including a motion to dismiss, were denied. (Docket No. 43.)  This renewed Motion to Dismiss followed.

**DISCUSSION**

In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  Gorog v. Best Buy Co., 760 F.3d 787, 792 (8th Cir. 2014) (citation omitted).  Although the factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).  The complaint must "state a claim to relief that is plausible on its face."  Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  In addition to evaluating the facts pled, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."  Neitzke v. Williams, 490 U.S. 319, 326 (1989).

Defendants' Motion argues that Jamison's claims were or could have been fully litigated in the Karsjens action and are thus barred by res judicata and collateral estoppel, also known as claim and issue preclusion.  Jamison's opposition memorandum does not

2

meaningfully respond to this contention, instead arguing that class counsel in <u>Karsjens</u> did not raise all claims that could have been raised in that matter and was therefore ineffective. But the quality of class counsel's representation in <u>Karsjens</u> is not at issue here. Jamison has brought claims in this matter against individuals who were or are responsible for the conditions of his continued detention. Those individuals cannot afford him any relief for the ostensible deficiencies of class counsel in <u>Karsjens</u>.

The principles of claim and issue preclusion are well-settled:

> [W]hen a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose."

<u>Comm'r v. Sunnen</u>, 333 U.S. 591, 597 (1948) (quoting <u>Cromwell v. County of Sac</u>, 94 U.S. (4 Otto) 351, 352 (1876)). Thus, a Court evaluating whether preclusion bars a party from asserting a claim must examine: first, whether there has been a final judgment on the merits of a cause of action; second, whether the court that issued the judgment was "of competent jurisdiction;" third, whether the person seeking to preclude a claim was a party or a privy to a party in the first litigation; and fourth, whether the claim sought to be precluded either was actually litigated or is a claim that "might have been offered" in the first litigation.

As Defendants argue, many of Jamison's claims are the same as those raised in <u>Karsjens</u>. The claims are undoubtedly barred from relitigation in this matter. The claims

were actually raised in <u>Karsjens</u>, the <u>Karsjens</u> court had jurisdiction over the matter,[1] Defendants here either were defendants in <u>Karsjens</u> or are in privity with the <u>Karsjens</u> defendants, and a final judgment on the merits has been rendered on those claims. Jamison's claims 1, 2, 3, 4, 6, 7, 8, 9, 10, 13, 14, and 15 are explicitly barred from further prosecution and will be dismissed as such.

Jamison's remaining claims are arguably different than those raised in <u>Karsjens</u>, but they are likewise barred. This is because "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." <u>Plough v. W. Des Moines Comm. Sch. Dist.</u>, 70 F.3d 512, 514 (8th Cir. 1995) (citation omitted). Claims that "arise [] out of the same nucleus of operative facts as the prior claim" are precluded. <u>Yankton Sioux Tribe v. U.S. Dep't of Health & Hum. Servs.</u>, 533 F.3d 634, 641 (8th Cir. 2008) (citation omitted). Here, it is clear that Jamison has "merely presented different legal claims which spring from the same set of facts" as <u>Karsjens</u>. <u>Biermann v. United States</u>, 67 F. Supp. 2d 1057, 1060 (E.D. Mo. 1999).[2]

Defendants also argue that Jamison's claims fail to state a claim on which relief can be granted. Although this argument is likely correct, <u>see</u> Jan. 3, 2023, Report & Recommendation, <u>Hajek v. Dayton</u>, No. 12-cv-343 (NEB/DJF) (Docket No. 21)

---

[1] Jamison's argument that courts relied on the wrong legal precedent in <u>Karsjens</u> is not a challenge to those courts' jurisdiction, but rather to the courts' reasoning.

[2] Jamison contends that his causes of action in this case are different than Karsjens because they rely on the correct legal precedent. This contention is unavailing because preclusion applies to bar claims that either were raised or could have been raised in the previous action.

(recommending dismissal of substantially similar claims for failure to state a claim), because the Court determines that all of Jamison's claims are barred by claim and issue preclusion, a determination on the merits of those claims is not necessary. Similarly, the determination that Jamison's claims are precluded renders moot his motion to consolidate his case with several other MSOP detainees' cases.

Finally, the Court must comment on the tenor of Jamison's memorandum in opposition to the Motion to Dismiss. While it is understandable that he is frustrated with the slow pace of the Karsjens litigation and with the results in that litigation thus far, he repeatedly casts aspersions on the Assistant Attorney General in this matter, going so far as to accuse the attorney of violations of Rule 11. Rule 11 is a serious matter, and litigants must avoid invoking that Rule with no basis for doing so. In this case, the Assistant Attorney General has zealously represented his clients. He has not committed any violations of his obligations to the Court or to Jamison.

Accordingly, **IT IS HEREBY ORDERED that**:

1. The Motion to Dismiss (Docket No. 45) is **GRANTED**;

2. The Motion to Consolidate (Docket No. 53) is **DENIED as moot**; and

3. This matter is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   February 16, 2023          *s/Paul A. Magnuson*
                                    Paul A. Magnuson
                                    United States District Court Judge

5